UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOR JIMENEZ, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>STOREY HOTEL MANAGEMENT GROUP, LLC d/b/a THE AMESWELL HOTEL, a Delaware limited liability company, et al.,<br><br>          Defendants. | No.  2:22-cv-01112-JAM-DB<br><br>**ORDER DENYING DEFENDANTS'<br>MOTION TO DISMISS** |

Flor Jimenez ("Plaintiff") filed her First Amended Complaint ("FAC") against Storey Hotel Management Group, LLC, and various fictitious persons (collectively "Defendants") alleging violations under the Americans with Disabilities Act (ADA) and California's Unruh Civil Rights Act ("Unruh Act").  See Compl., ECF No. 1; First Am. Compl. ("FAC"), ECF No. 12.  Defendants filed a motion to dismiss ("motion")—which includes a request for judicial notice—asking the Court to dismiss Plaintiff's FAC entirely.  See Mot. to Dismiss ("Mot."), ECF No. 14; Req. for Judicial Notice ("RJN"), ECF No. 14-3.  Plaintiff opposed and Defendants replied.  See Opp'n, ECF No. 16; Reply, ECF No. 17.

1

1  The Court then ordered supplemental briefing, which the parties
2  provided. See Order, ECF No. 20; Defs.' Supplemental. Br., ECF
3  No. 21; Pl.'s Supplemental Br., ECF No. 22.
4      For the reasons set forth below, the Court DENIES
5  Defendants' motion.[1]

##   I.   FACTUAL ALLEGATIONS

Plaintiff is a visually impaired and legally blind person who uses Job Access With Speech (JAWS)—a screen-reading software—to access website content when using her computer. FAC ¶¶ 1,16. Such technology gives Plaintiff the ability to navigate websites by "using keyboards in conjunction with screen access software that vocalizes the visual information found on a computer screen." Id. ¶ 15. JAWS, as a result, does not work if the website's content cannot be converted into text. Id. ¶ 16.

On June 15 and 20, 2022, Plaintiff used JAWS to visit Defendants' website, https://www.theameswellhotel.com, to make reservations. Id. ¶ 23. Plaintiff attempted to navigate Defendants' website with JAWS but allegedly encountered "multiple access barriers which denied Plaintiff full and equal access to the facilities, goods, and services offered to the public and made available to the public on [Defendants'] website." Id. ¶ 24. Despite this wide sweeping contention, Plaintiff's FAC only describes one specific impediment: Defendants' failure "to properly code its calendar to be keyboard accessible" with JAWS.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for December 6, 2022.

Id.  Plaintiff asserts this incompatibility prevented her from booking a room at Defendants' hotel and deterred her from "accessing [Defendants'] website and [Defendants'] hotel." Id. ¶ 28.  She also states she would complete a booking if Defendants' website was "properly coded."  Id.

After reviewing the parties' initial motion papers, the Court ordered supplemental briefing on whether Plaintiff's contentions are moot given the evidence Defendants submitted with their motion.  See Order.  Both parties filed their respective briefs.  See Defs.' Supplemental Br.; Pl.'s Supplemental Br. Plaintiff attached a Declaration to her submission that Defendants objected to, arguing it contravened Local Rule 230(m) and the Court's Order limiting briefing to Defendants' previously submitted facts.  See Defs.' Objections, ECF No. 23.  After initially striking the Declaration, the Court reinstated it and gave Defendants leave to file their own Declaration.  See ECF No. 24; ECF No. 25.  Defendants, however, failed to do so, implicitly conceding Plaintiff's argument.

## II.  OPINION

### A.  Judicial Notice

Federal Rule of Evidence 201 allows the Court to notice a fact if it is "not subject to reasonable dispute," such that it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  The Court must take judicial notice "if requested by a party and supplied with the necessary information."  Fed. R. Evid. 201(d).  The Court need not,

1  however, take notice of facts that do not provide any additional
2  relevant information.  See Adriana Int'l Corp. v. Thoeren, 913
3  F.2d 1406, 1410 n.2 (9th Cir. 1990) (declining to take judicial
4  notice of another action "not relevant" to the case); Neylon v.
5  Cty. of Inyo, No. 1:16-CV-0712-AWI-JLT, 2016 WL 6834097, at *4
6  (E.D. Cal. Nov. 21, 2016) ("[I]f an exhibit is irrelevant or
7  unnecessary to deciding the matters at issue, a request for
8  judicial notice may be denied.").
9      Defendants ask the Court to take judicial notice of
10 Plaintiff's past litigation history.  See Mot. at 1; RJN at 1.
11 Defendants, however, failed to attach a list of Plaintiff's
12 purported suits.  See generally RJN.  This does not satisfy the
13 "necessary information" requirement under Rule 201(d).  Further,
14 an ADA tester's litigation history is not relevant to the merits
15 of her case.  D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d
16 1031, 1040 (9th Cir. 2008) ("[W]e cannot agree that [plaintiff's]
17 past ADA litigation was properly used to impugn her
18 credibility").  For these reasons, the Court declines to take
19 judicial notice of Plaintiff's litigation history.
20     Defendants also request the Court take judicial notice of
21 relevant pages of their Website.  See Exh. 1 to RJN, ECF No. 14-
22 3.  Websites and their contents are proper subjects for judicial
23 notice.  Threshold Enterprises Ltd. v. Pressed Juicery, Inc., 445
24 F.Supp.3d 139, 146 (N.D. Cal. 2020).  Thus, the Court has taken
25 judicial notice of Exhibit 1.
26     B.   Legal Standard
27     Federal Rule of Civil Procedure 12(b)(1) governs a motion to
28 dismiss premised on a lack of subject matter jurisdiction.  See

4

1  Fed. R. Civ. Pro (12)(b)(1). A federal court's jurisdictional
2  scope is fundamentally limited. Owen Equip. & Erection Co. v.
3  Kroger, 437 U.S. 365, 374 (1978). As a result, "[i]t is presumed
4  that a cause lies outside this limited jurisdiction, and the
5  burden of establishing the contrary rests upon the party
6  asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511
7  U.S. 375, 377 (1994). Rule 12(b)(1) motions are either facial or
8  factual. See Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039
9  (9th Cir. 2004). Under the former, "the challenger asserts that
10 the allegations contained in a complaint are insufficient on
11 their face to invoke federal jurisdiction." Id. at 1039. Under
12 the latter "the challenger disputes the truth of the allegations
13 that, by themselves, would otherwise invoke federal
14 jurisdiction." Id. When a defendant makes a factual challenge,
15 the Court can review evidence outside the complaint without
16 assuming the truthfulness of the plaintiff's assertions. Id.
17 Moreover, once a defendant submits a factual motion "by
18 presenting affidavits or other evidence properly brought before
19 the court, the party opposing the motion must furnish affidavits
20 or other evidence necessary to satisfy its burden of establishing
21 subject matter jurisdiction." Savage v. Glendale Union High
22 Sch., 343 F.3d 1036, 1039 n. 2 (9th Cir.2003) (internal citations
23 omitted).
24     Mootness is a jurisdictional issue that can be raised in a
25 12(b)(1) motion to dismiss since it pertains to the court's
26 subject matter jurisdiction. White v. Lee, 227 F.3d 1214, 1242
27 (9th Cir. 2000). "[A] case is moot when the issues are no longer
28 'live' or the parties lack a legally cognizable interest in the

outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). In turn, if the parties' dispute is resolved following the filing of the suit, the case must be dismissed as moot. Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1086 (9th Cir. 2011). Whether such resolution has been achieved is determined by evaluating "whether there is a present controversy as to which effective relief can be granted." Bayer v. Neiman Marcus Grp., 861 F.3d 853, 862 (9th Cir. 2017). If "there is no longer a possibility that [a plaintiff] can obtain relief for his claim, that claim is moot and must be dismissed for lack of subject matter jurisdiction." Foster v. Carson, 347 F.3d 742, 745 (9th Cir. 2003). Since the ADA only affords plaintiffs injunctive relief, a defendant's removal of alleged barriers before trial can moot an ADA claim if the defendant thoroughly demonstrates the purported wrongful behavior cannot reasonably be expected to recur. See Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011); Friends of the Earth, Inv. v. Laidlaw Entl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000).

C.  Analysis

In support of their motion, Defendants attached a Declaration by Craig Davis—a principal of Accessible Crew LCC, "a company that conducts accessibility audits for a variety of organizations including commercial non-commercial entities." Davis Decl. ¶ 2, ECF No. 14-3. Davis is also a "member of the International Association of Accessibility Professionals and a Certified Trusted Tester, a designation granted by the Department of Homeland Security's Office of Accessible Systems & Technology (OAST)." Id. Davis thus is "well-versed in what is required for

ADA compliance." Id.

To assess the barriers Plaintiff allegedly encountered, Davis manually audited Defendants' website by implementing the same technologies Plaintiff used when booking her stay. Id. ¶ 8. As a result, Davis used JAWS in conjunction with keyboard control to access Defendants' website. In doing so, Davis claimed that:

> When I visited the same website using SRS in combination with keyboard control, I was able to successfully navigate, understand purpose of links and access information on products and services freely without barriers. Using JAWS screen reader, I was able to use my keyboard to select the dates of my intended stay. Using SRS and keyboard control, I can locate the input field for Check-In Date and enter month, day and year. I can locate the input field for Check-Out Date and enter month, day and year then advance to next form element.

Id. In other words, per Defendants, Davis's testing shows the "purported violation does not exist." Mot. at 1. To demonstrate his findings' accuracy and validity, Davis provided a video prepared on October 26, 2022 exhibiting the results described above. See Craig Davis, Flor Jimenez v. Storey Hotel Mgmt. Group, YouTube (Feb 15, 2023 @ 3:00 PM), https://www.youtube.com/watch?v=FKesVfEhgdk.

In response, Plaintiff submitted a Declaration by Kannan Arumugam with her opposition. See First Arumugam Decl. ¶ 1, ECF No. 16-1. Arumugam is an ADA consultant "with over fifteen years of experience in website accessibility" who has: (1) expertise in various accessibility guidelines; (2) hands-on and in-depth knowledge of screen-reading software—like JAWS; and (3) experience in guiding developers, testers, designers, and editorial teams on Accessibility Recommendations. Id. On September 30, 2022, Arumugam tested whether Defendants' website

7

1   was compatible with Plaintiff's assistive technologies.  Id. ¶ 3.
2   Although Arumugam fails to detail how he assessed Defendants'
3   website, he claimed that he found:

> [N]umerous problems, leading me to the conclusion
> that . . . The Ameswell Hotel's ("Defendant") Calendar
> is not accessible when tabbed through keyboard.
> [Defendants'] failure to ensure that its calendar is
> keyboard accessible for legally blind consumers who
> rely on screen-readers and their keyboards results in
> legally blind screen-reader users being unable to
> select dates for their intended stays.

Id.  Based on these outcomes, Arumugam determined that "as a result of this barrier on the Website it would not be feasible for legally blind users to make a reservation using the Website" and "Plaintiff . . . could not complete a booking."  Id. ¶ 4.

Because Davis found Defendants' website compatible with Plaintiff's screen-reading software after Arumugam's assessment, the Court instructed the parties to brief whether Plaintiff's claims are moot given its responsibility to ensure a matter's justiciability.  See Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (stating courts "have an independent duty to consider *sua sponte* whether a case is moot.").  Predictably, Defendants argue Davis's Declaration demonstrates Plaintiff's claims are moot while Plaintiff argues the opposite.  See Defs.' Supplemental Br.; Pl.'s Supplemental Br.

Notably, Plaintiff attached a new Declaration by Arumugam to her supplemental brief that found the barriers Plaintiff supposedly encountered still existed as of January 19, 2023.  See Second Arumugam Decl. ¶ 3, ECF No. 22-1.  Although the Court granted Defendants leave to file their own Declaration in response, Defendants did not do so.  See ECF No. 25.


### 1. Plaintiff's ADA claim is not moot

As stated above, an ADA claim may be mooted when a defendant removes the alleged barriers before trial and demonstrates the purported wrongful behavior cannot reasonably be expected to recur. See Oliver, 654 F.3d at 905; Friends of the Earth, Inc., 528 U.S. at 189. Here, Plaintiff's Second Declaration demonstrates Defendants' website's reservation calendar is not accessible when tabbed through keyboard. See Second Arumugam Decl. ¶ 3. Thus, based on Plaintiff's facts Defendants have not removed the barrier Plaintiff purportedly encountered and Defendants' website still violates the ADA. Id. The Court therefore finds Plaintiff's claim is not moot and denies Defendants' 12(b)(1) motion on this basis.

### 2. Plaintiff's ADA claim cannot be dismissed under 12(b)(1) for lack of standing

In their motion, Defendants argue Plaintiff's FAC fails to plead the elements required to substantiate standing under the ADA. Specifically, Defendants claim Plaintiff did not allege: (1) an injury-in-fact; (2) an intent to return to Defendants' property; (3) how the supposed ADA violation deterred her from returning to Defendants' property; and (4) an immediate threat of harm. See Mot. at 3-8. Furthermore, Defendants' reply argues for the first time that Plaintiff lacks standing because: (1) there is no nexus between the claimed barrier Plaintiff experienced and the services housed in the hotel's premises; and (2) Plaintiff's FAC should be dismissed for failure to state a

claim. Reply at 2.[2]

In opposition, Plaintiff points to sections of her FAC articulating the elements Defendants say are absent. See FAC ¶ 24(Plaintiff claims injury-in-fact by stating she could not use her keyboard to select booking dates and that this inability prevented her from staying at Defendants' hotel); Id. ¶ 28 (Plaintiff states an intent to return because she declares she would visit Defendants' hotel if she could select a date); Id. (Plaintiff contends deterrence because she asserts Defendants' website's purported inaccessibility prevented her from patronizing Defendants' hotel); Id. ¶ 40 (Plaintiff suggests an immediate threat of harm by pleading she cannot navigate Defendants' website without injunctive relief requiring its ADA compliance). As a result, Plaintiff argues these allegations create a genuine dispute of fact that cannot be dismissed under 12(b)(1) due to the Ninth Circuit's holding in Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

In that case, the Ninth Circuit warned a "[j]urisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." Id. at 1035

---

[2] "Courts in the Ninth Circuit generally decline to consider new arguments or issues raised for the first time in a reply brief." Brown v. Takeuchi Mfg. Co. (U.S.), No. 2-21-CV-00392-JAM-DMC, 2022 WL 1204713, at *4 (E.D. Cal. 2022); see also State of Nev. v. Watkins, 914 F.2d 1545, 1560 (9th Cir. 1990) ("[Parties] cannot raise a new issue for the first time in their reply briefs"). As a result, the Court will not consider these two new arguments raised in Defendants' reply.

(internal quotations omitted).  This type of entanglement exists when "a statute provides the basis for the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief."  Id. (internal quotations omitted).  As a result, "[w]hen a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiffs' substantive claim for relief, a motion to dismiss for lack of subject matter jurisdiction rather than for failure to state a claim is proper only when the allegations of the complaint are frivolous."  Thornhill Publ'g Co. v. Gen. Tel. Co., 594 F.2d 730, 734 (9th Cir. 1979)(internal citations omitted).  Plaintiff thus contends this prohibition applies here because: (1) a genuine dispute of fact exists between the parties; and (2) "the ADA provides the jurisdictional basis for the Court's federal question subject-matter jurisdiction as well as the substantive basis for the ADA discrimination claim."  Opp'n at 5.

In light of Safe Air and the facts discussed above, the Court finds: (1) Plaintiff's claim is not frivolous given the FAC's factual allegations; (2) Plaintiff and Defendants genuinely dispute the facts underlying the former's ADA claim; and (3) the ADA provides the basis for the Court's jurisdiction and Plaintiff's relief.  The Court therefore concludes "the question of jurisdiction is dependent on the resolution of factual issues going to the merits of [this] action," principally whether Defendants' website is ADA complaint, making a 12(b)(1) dismissal of Plaintiff's claim inappropriate.  Safe Air, 373 F.3d at 1035.  Furthermore, even if the Court found Safe Air irrelevant, Defendants factually challenged Plaintiff's standing by

submitting evidence disputing Plaintiff's claims' truthfulness. As a result, Plaintiff carried her burden of establishing standing by supplying Arumugam's Second Declaration that suggests the alleged barrier still exists.  See Second Arumugam Decl. ¶ 3. As a result, Defendants' 12(b)(1) motion challenging Plaintiff's standing must fail.

### D. Supplemental Jurisdiction

Defendants ask the Court to decline supplemental jurisdiction over Plaintiff's Unruh Act claim by erroneously characterizing Plaintiff's ADA cause of action as untenable. Because it finds Plaintiff's ADA claim viable, the Court denies Defendants' request.

### III. ORDER

For the reasons set forth above, the Court DENIES Defendants' Motion to Dismiss.

IT IS SO ORDERED.

Dated: February 21, 2023

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

12